**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No.  2:14-cr-00335-HDM-CWH |
| vs. ) | **ORDER** |
| CHRISTOPHER WALKER, ) | |
| Defendant. ) | |

Presently before the Court is Defendant Christopher Walker's Motion to Compel Newly Discovered Evidence (ECF No. 107), filed on May 23, 2016.  The government filed a response (ECF No. 110) on May 27, 2016.

Also before the Court is Defendant's Motion for Recusal of Magistrate Judge (ECF No. 111), filed on May 31, 2016.  The government filed a response (ECF No. 112) on June 2, 2016.

**I.     MOTION TO COMPEL (ECF No. 107)**

In his motion to compel newly discovered evidence (ECF No. 107), Defendant states that he is aware of three police reports relevant to this case as a result of a Freedom of Information Act ("FOIA") request that he sent to the Las Vegas Metropolitan Police Department ("LVMPD"). (Mot. to Compel (ECF No. 107) at 2.)  Attached to Defendant's motion is a letter from Martina Geinzer, Assistant General Counsel for LVMPD, identifying three police reports that are responsive to Defendant's FOIA request and stating that Defendant must pay $27.00 to obtain the reports.  (*Id.* at 5.)  In his motion, Defendant requests that LVMPD be compelled to provide the reports.  (*Id.* at 2.)

On May 25, 2016, the Court entered an order requiring the government to respond to Defendant's motion by (1) listing all police reports related to the incident at issue and stating

whether they have been disclosed to Defendant, and (2) stating whether the three police reports referenced in Ms. Geizner's letter have been disclosed to Defendant. (Order (ECF No. 109).) In its response, the government provides a list of all police reports that were disclosed to Defendant. (Resp. (ECF No. 110), Ex. 1.) Additionally, the government confirms that the three police reports referenced in Ms. Geizner's letter previously were disclosed to Defendant, and the government attaches the three police reports to its response for Defendant's reference. (*Id.* at Exs. 3-4.)

Given that the three police reports previously were produced to Defendant and that the government once again has provided them to Defendant as exhibits to the government's response, the Court will deny Defendant's motion to compel newly discovered evidence (ECF No. 107) as moot.

## II.  MOTION FOR RECUSAL (ECF No. 111)

In his motion for recusal, Defendant requests that the undersigned magistrate judge recuse from this case on the grounds that he is biased. Defendant states that the undersigned is partial to the government, practiced law from the bench, wrote an inaccurate report and recommendation on Defendant's motion to suppress, and ignored evidence. Defendant does not provide any specific facts regarding these instances that he views as suggestive of bias. In its response, the government argues that Defendant's motion is based only on Defendant's dissatisfaction with adverse rulings and that Defendant does not establish that the alleged bias arises from a personal bias or prejudice.

"A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987) (citing 28 U.S.C. §§ 455(a), 455(b)(1)). There are two federal statutes addressing the standards for recusal: 28 U.S.C. §§ 144 and 455. Under either statute the substantive test for bias or prejudice is identical, but the procedural requirements of the two sections are different. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

Under § 144, a party seeking recusal must provide an affidavit stating facts and reasons for belief that the judge is biased. Here, Defendant has failed to provide an affidavit, and therefore his motion is improper under § 144. Thus, the Court will consider Defendant's motion under § 455.

///

Section 455, unlike § 144, has no procedural requirements. It is directed to the judge rather than the parties, and it is self-enforcing on the judge's part, who must recuse himself if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Sibla*, 624 F.2d at 867-68. Section 455 (a) and (b) provide separate, but overlapping bases for recusal. Subsection (a) is broad, requiring recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b) is narrower, requiring recusal only under specific, identifiable circumstances. *Id.* at § 455(b)(1)-(5).[1] Under either subsection, recusal is appropriate when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Further, the alleged prejudice must result from an extrajudicial source—a judge's prior adverse ruling is not sufficient cause for recusal. *Id.*

Here, Defendant's motion does establish any extrajudicial bias or prejudice as required by § 455. Defendant's reasons for recusal are based on the fact that the undersigned has made decisions that are adverse to Defendant. During the course of a case, it is unavoidable that a judge will issue orders that may be adverse to one of the parties. This alone is not a basis for recusal. *See Studley*, 783 F.2d at 939. In the absence of a legitimate reason to recuse, a judge has a duty to participate in all cases assigned to that judge. *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (stating "[w]e are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal.") Given that Defendant has failed to establish any extrajudicial bias or prejudice that would lead a reasonable person to conclude that the impartiality of the undersigned might reasonably be questioned, the Court will deny the motion.

---

[1] These circumstances include when a judge: (1) has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; (2) has served as a lawyer in the matter in controversy when in private practice; (3) has served in government employment and in such capacity participated in the case; (4) knows that he or a family member has a financial interest in the case; or (5) when he or a family member is a party to the suit.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that Defendant Christopher Walker's Motion to Compel Newly Discovered Evidence (ECF No. 107) is DENIED as moot.

IT IS FURTHER ORDERED that Defendant's Motion for Recusal of Magistrate Judge (ECF No. 111) is DENIED.

DATED: June 8, 2016.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**