**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER WALKER,<br><br>    Defendant. | Case No. 2:14-cr-00335-HDM-CWH<br><br>**ORDER** |

Presently before the Court is Defendant Christopher Walker's motion to recuse prosecutor based on prosecutorial misconduct (ECF No. 123), filed on June 9, 2016. The government filed a response (ECF No. 136) on June 26, 2016. Defendant did not file a reply.

**I.  Background**

Defendant moves for the disqualification of the prosecutor in this matter, Assistant United States Attorney (AUSA) Alexandra Michael. Defendant argues that AUSA Michael violated his right to due process by knowingly allowing Officer Kaplan to provide false testimony during the hearing held on his motion to suppress on September 11, 2015. Defendant also argues that the government violated his due process rights by not complying with his request to produce surveillance footage from the store where he was arrested.

The government responds that Defendant fails to provide either any evidence that AUSA Michael elicited perjured testimony, or that Officer Kaplan's testimony was not credible. With respect to the surveillance footage, the government argues that it did not suppress the evidence in question, and that Defendant suffers no prejudice from not having it.

**II.  Analysis**

The prosecution's use of, or failure to correct, testimony known to be false may violate a defendant's right to due process. *Napue v. People of State of Ill.*, 360 U.S. 264 (1959). Such misconduct violates due process if a defendant can show that "(1) the testimony (or evidence) was

actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) . . . the false testimony was material." *Towery v. Schriro*, 641 F.3d 300, 308 (9th Cir. 2010) (citation omitted). A violation of due process may also occur when a prosecutor suppresses evidence favorable to a defendant, and such suppression prejudices the defendant. *Comstock v. Humphries*, 786 F.3d 701, 708 (9th Cir. 2015). Although no binding authority requires disqualification of a prosecutor who has violated a defendant's right to due process, this remedy is within the "substantial latitude" given to district judges to decide whether counsel should be disqualified. *United States v. Frega*, 179 F.3d 793, 799 (9th Cir. 1999).

Here, Defendant argues that Officer Kaplan's testimony is false because it is inconsistent with Defendant's own understanding of what occurred. However, Defendant does not provide evidence that contradicts any particular statement made by Officer Kaplan. Just as importantly, he has failed to show that AUSA Michael knew, or ought to have known, that the testimony was false. Further, even if some aspects of Officer Kaplan's testimony were shown to be inconsistent, mere inconsistencies in testimony do not necessarily rise to a violation of due process. *United States v. Williams*, 547 F.3d 1187, 1202 n.13 (9th Cir. 2008). At the hearing and in his motion, Defendant challenges Officer Kaplan's credibility, but the fact that Defendant disagrees with statements made by a government witness does not by itself warrant disqualification of the prosecutor.

With respect to the surveillance footage, the government informed Defendant's prior counsel of the footage, what it showed, that it was not preserved by the store's management, and that the government never took possession of it. (Response (ECF No. 136 Ex. 1).) Defendant does not show that the footage was suppressed, as the government did not prevent Defendant from acquiring it, or withhold knowledge of it. Further, Defendant does not show any prejudice from the government's failure to provide him with the surveillance footage. Although "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf[,]" *Kyles v. Whitley*, 514 U.S. 419, 437 (1995), Defendant does not show that the footage would be favorable to him. Officer Kaplan testified that the surveillance footage showed only that Defendant was openly carrying a gun in a non-threatening manner. (Tr. Of Mot. To Suppress Hr'g (ECF No. 47) at 30-31.) Defendant does not rebut these statements, or offer any explanation of how the footage would be

favorable to him.  Defendant was not charged with carrying a concealed weapon, or threatening the occupants of the store.  In fact, Defendant was not charged with any activity occurring at the store, so he fails to show prejudice from not having the footage.  Therefore, there is no violation of due process, and no grounds to disqualify AUSA Michael.

### III. Conclusion

IT IS THEREFORE ORDERED that Defendant Christopher Walker's motion to recuse prosecutor (ECF No. 123) is DENIED.

DATED: July 26, 2016

_____
C.W. Hoffman, Jr.
United States Magistrate Judge