**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:14-cr-00335-HDM-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| CHRISTOPHER WALKER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The court has considered the report and recommendation of the United States Magistrate Judge (ECF No. 168) filed on September 21, 2016, in which the magistrate judge recommends that this court deny defendant's second and third motions to suppress (ECF No. 95 and ECF No. 137).[1]  No objections to the report and recommendation have been filed, and the time for doing so has expired.

Defendant's second and third motions to suppress primarily raise arguments that were considered and rejected by the court in

---

[1] Although the report and recommendation identifies only the defendant's third motion to suppress – ECF No. 137 – two motions to suppress, both raising substantially the same arguments, are pending. The reasoning of the report and recommendation applies with equal force to both motions to suppress.

1

deciding the defendant's first motion to suppress.  (See ECF No. 43 and ECF No. 67).  The defendant provides no basis for reconsideration of those decisions.  Therefore, as to those claims in the second and third motions to suppress that repeat claims made in the first motion to suppress, the second and third motions to suppress are **DENIED**.

The sole issue raised in the motions that had not been previously addressed by the court was the lawfulness of the search of two backpacks in the possession of defendant's companion, Mitzi Berry.  Inside one of the bags drugs and drug paraphernalia belonging to defendant were found.  The discovery of the drugs and drug paraphernalia led to defendant's arrest, which led to the discovery that defendant was an ex-felon unlawfully in possession of a firearm.  The government has asserted that Ms. Berry consented to the search.  Defendant argues that any consent was invalid because Ms. Berry was being detained by the officers and that even if she did consent she lacked actual or apparent authority to do so.  Defendant asserts that the backpack in which the drugs were found belonged to him and that Officer Gilbert, who conducted the search, was or should have been on notice of facts suggesting the backpack where the drugs were found was not Ms. Berry's.

The magistrate judge reopened the evidentiary hearing in order to address this limited issue.  The magistrate judge now recommends that the court deny defendant's motions to suppress, in part because no evidence was presented that the backpack in which the drugs were found in fact belonged to the defendant or that defendant had a reasonable expectation of privacy in the backpack. Therefore, defendant has not established standing to object to the

search.

The court has considered the pleadings and memoranda of the parties and other relevant matters of record and has made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law, and good cause appearing, the court hereby

**ADOPTS AND ACCEPTS** the report and recommendation of the United States Magistrate Judge (ECF No. 168) that the remainder of defendant's motions be denied.

First, for the reasons set forth by the magistrate judge, the defendant has not established standing to object to the search.

Second, even assuming defendant has standing, the government has established that Ms. Berry had apparent authority to consent to search.

> Under the apparent authority doctrine, a search is valid if the government proves that the officers who conducted it reasonably believed that the person from whom they obtained consent had the actual authority to grant that consent. Apparent authority is measured by an objective standard of reasonableness, and requires an examination of the actual consent as well as the surrounding circumstances. Thus, in assessing whether an officer's belief was objectively reasonable, the court considers the facts available to the officer at the moment.

*United States v. Arreguin*, 735 F.3d 1168, 1175 (9th Cir. 2013) (internal quotation marks and citations omitted). Officer Gilbert testified that Ms. Berry claimed ownership of the backpacks, that she did nothing to make him believe the bags were not hers, and that nothing in the bags was inconsistent with her claim of ownership. No evidence on the record suggests that Officer Gilbert was aware of, or should have been aware of, facts suggesting the backpacks were not Ms. Berry's. Accordingly, the court concludes

3

1  that Officer Gilbert had a reasonable belief that Ms. Berry had
2  authority to consent to search the bags.[2]
3      Finally, a criminal defendant cannot suppress his identity
4  even if there has been some illegality on the part of the
5  government. *Immigration & Naturalization Serv. v. Lopez-Mendoza*,
6  468 U.S. 1032, 1039-40 (1984); *United States v. Ortiz-Hernandez*,
7  427 F.3d 567, 577 (9th Cir. 2004).
8      Accordingly, the court hereby **ADOPTS AND ACCEPTS** the report
9  and recommendation of the United States Magistrate Judge (ECF No.
10 168), and defendant's motions to suppress (ECF No. 95 & No. 137)
11 are hereby **DENIED**.
12     **IT IS SO ORDERED**.
13     DATED: This 3rd day of November, 2016.

*/s/ Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE

---

[2] Although impeachment evidence as to Officer Gilbert was presented during the evidentiary hearing, the magistrate judge at no time made a finding that Officer Gilbert was not a credible witness.

4